THE PEOPLE, *ex rel.* Fuller, *vs.* ONEIDA COMMON PLEAS.

Where a relator, who has sued out a *mandamus*, removes from the state intermediate the issuing of the *alternative* and *peremptory* writ, proceedings will be stayed until security for costs be filed.

It is no answer to the motion, that the defendant, with knowledge of the removal of the relator, had taken steps in the cause on his part.

The power of staying proceedings until security for costs be filed, is an incidental power, and may be exercised independent of the statute.

*J. A. Spencer* moved to stay proceedings in a *mandamus* case until security for costs should be filed, because, after the alternative mandamus issued, the relator had removed to Michigan. He cited 10 *Wendell*, 598 ; 2 *R. S.* 620, § 1, 2 ; *id.* 586, § 54, *&c.* ; *Jac. L. Dict. Mandamus* ; *Hallock's Costs*, 331, 332, 325, 439 ; 2 *R. S.* 613, § 3, *sub.* 3 ; *Laws of* 1833, *p.* 395, § 6 ; 2 *Wendell*, 301 ; 3 *id.* 304 , 10 *id.* 578.

*J. W. Jenkins* opposed, because, after knowledge of the removal, the defendants had taken steps in the cause by returning to the writ, taking a rule, receiving a demurrer, and interposing a rejoinder. He also insisted, that the statute requiring security does not extend to a suit by mandamus. He cited 1 *R. S.* 347, § 1 ; *Graham's Pr.* 80 ; *Anon*, (9 *Wendell*, 472 ;) *Graham's Pr.* 432 ; 5 *Barn. & Ald.* 702, *and cases there cited.*

*By the Court*, COWEN, J. The power of staying proceedings till security for

Hawley *v.* Green.

costs shall be filed, is incidental, and was long exercised independent of the stat-
ute, and may still be so exercised.  Mandamus is clearly within the principle of
the common law power.  Delay, and taking steps on the part of the de-
fendant with knowledge, seems to be an answer to the motion by several [653]
English authorities, (*Graham's Pr.* 507, 2d ed.,) but has never been so re-
ceived in this court.  The contrary has been held in a like case.  (*Jackson,
ex dem. Williams,* v. *Miller,* 3 *Cowen,* 57.)                    . Motion granted.